Grochocinski, Grochocinski & Lloyd, Ltd.
1900 Ravinia Place
Orland Park, IL  60462

Invoice submitted to:
Zinser, Nancy

August 13, 2007

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/19/2006 | DEG | Letter to Bode regarding need for market analysis of reale state | 0.20<br>350.00/hr | 70.00 |
| 4/22/2006 | DEG | Order tract search | 0.20<br>350.00/hr | 70.00 |
| 4/26/2006 | DEG | Receipt and review of tract search | 0.50<br>350.00/hr | 175.00 |
| 5/16/2006 | DEG | Telephone conference with Bode regarding real estate | 0.20<br>350.00/hr | 70.00 |
| 5/17/2006 | DEG | Facsimile letter to H. Bode with proposed application to employ as broker | 0.50<br>350.00/hr | 175.00 |
| 5/24/2006 | DEG | Prepared to employ broker; order; file with court | 1.50<br>350.00/hr | 525.00 |
| 5/25/2006 | DEG | Receipt and review of motion to compel abandonment of asset by Trustee from Greenberg's office | 0.50<br>350.00/hr | 175.00 |
| 7/6/2006 | DEG | Facsimile letter to H. Bode with order authorizing employment as broker; executed addendum to listing agreement | 0.50<br>350.00/hr | 175.00 |
|  | DEG | Facsimile letter to Lawrence Bromden regarding sale of real estate; value at $270,000.00 per broker | 0.30<br>350.00/hr | 105.00 |
| 7/18/2006 | DEG | Facsimile letter to Bode regarding need to list property | 0.20<br>350.00/hr | 70.00 |
| 8/14/2006 | DEG | Email from Greenberg; offer $7,500 settlement | 0.20<br>350.00/hr | 70.00 |
| 8/25/2006 | DEG | Email to Greenberg regarding settlement/sale motion set for 9/1/06; ok to send settlement funds | 0.20<br>350.00/hr | 70.00 |
| 8/29/2006 | DEG | Prepared initial report of assets; bar date set for 11/29/06 | 0.20<br>350.00/hr | 70.00 |



EXHIBIT A

Zinser, Nancy                                                                                                          Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/11/2006 | DEG | Letter to Greenberg regarding order authorizing settlement and compromise for $7,500.00; forward same to Trustee | 0.20<br>350.00/hr | 70.00 |
| 10/5/2006 | DEG | Email from Zinser; regarding check | 0.10<br>350.00/hr | 35.00 |
|  | DEG | Email to Greenberg regarding check; not received to date; may have to reissue | 0.10<br>350.00/hr | 35.00 |
|  | DEG | Email to Greenberg regarding settlement funds still not received; if no funds by 10/13/06 will go to court to sell property | 0.20<br>350.00/hr | 70.00 |
| 11/14/2006 | DEG | Review of claims docket | 0.80<br>350.00/hr | 280.00 |
| 12/5/2006 | DEG | Facsimile letter to Laura Wardinski to withdraw claim of Homecomings | 0.30<br>350.00/hr | 105.00 |
| 12/6/2006 | DEG | Email to Greenberg regarding DIP report; needs to be filed to close case | 0.20<br>350.00/hr | 70.00 |
|  | DEG | Letter to attorney regarding 1019(a)(b) report | 0.20<br>350.00/hr | 70.00 |
| 12/13/2006 | DEG | Email to Greenberg regarding value of astro van | 0.20<br>350.00/hr | 70.00 |
| 1/4/2007 | DEG | Receipt and review of DIP report | 0.20<br>350.00/hr | 70.00 |
|  | DEG | Email from Greenberg regarding worth of van | 0.20<br>350.00/hr | 70.00 |
| 3/22/2007 | DEG | Prepare letter to attorney for Homecomings Financial regarding withdrawal of secured claims | 0.50<br>350.00/hr | 175.00 |
| 4/24/2007 | DEG | Letter to accountant with copy of order authorizing employment and necessary documentation to prepare tax returns | 0.80<br>350.00/hr | 280.00 |
| 6/10/2007 | DEG | Receipt and review of tax returns and invoice from accountant | 0.80<br>350.00/hr | 280.00 |
| 6/14/2007 | DEG | Prepared letter to 505(b) letters to IRS | 0.80<br>350.00/hr | 280.00 |
| 6/26/2007 | DEG | Prepared final report | 2.80<br>350.00/hr | 980.00 |
|  |  | For professional services rendered | 13.60 | $4,760.00 |

This matter initially began as a Chapter 13 case and then converted to a Chapter 7 proceeding. At the meeting of creditors the Trustee determined that non-exempt equity amounted to $7,500.00 - $12,000.00. The debtor objected to the values despite an analysis from a broker. The Trustee sought to sell the property to which the debtor objected and then eventually agreed to pay $7,500.00. In addition, the debtor had an equity in an automobile at about $1,500.00. At that point, administrative costs were at an amount to allow about a 15% distribution to creditors.

However, some claims were filed that were the subject of objections including the first mortgage holder and creditors whose collateral was not liquidated. These creditors failed or refused to amend or withdraw claims and the Trustee was obligated to object to the claims. Further, the debtor refused to turnover the automobile for sale and an additional amount was required to be expended on such matters.

The result was the elimination of any distribution and an administratively insolvent case.